UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KEN CALDWELL and LISA CALDWELL,

                                        Plaintiffs,        **Docket # CV 08-4207**
                                                                           **(JFB)(WDW)**

          -against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.,
RUSSELL POLIRER, FAIRFIELD PRESIDENTIAL
ASSOCIATES, LIGHTSTONE GROUP, FAIRFIELD
PRESIDENTIAL MANAGEMENT CORP., DAVID
LICHTENSTEIN, DEBBIE KETAY,

                                        Defendants.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION, PURSUANT
TO FED.R.CIV.P. 12(c), TO DISMISS PLAINTIFFS *PRO SE'S* COMPLAINT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS............................................................................................................2

POINT I
PLAINTIFFS' PLEADINGS DEMONSTRATE THAT THEY
HAVE NOT STATED ANY VIABLE CLAIMS FOR RELIEF ...................................5

    A.   Fair Debt Collection Practice Act (FDCPA) ............................................................5

    B.   Fair Credit Reporting Act (FCRA) ..........................................................................6

    C.   Malicious Prosecution Of A Civil Suit ....................................................................7

    D.   Malicious Abuse of Process.....................................................................................7

    E.   General Business Law § 349 ...................................................................................8

POINT II
THE DOCTRINE OF *RES JUDICATA* BARS
PLAINTIFFS' CLAIMS FOR RELIEF ..........................................................................8

POINT III
THE *ROOKER-FELDMAN* DOCTRINE BARS
PLAINTIFFS' CLAIMS FOR RELIEF ..........................................................................9

# TABLE OF AUTHORITIES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ............................. 6

*Blair v. City Of New York*, 2009 U.S. Dist. LEXIS 29300 (E.D.N.Y., Mar. 31, 2009) ............................................................................................................................. 7

*Burgos v. Hopkins*, 14 F.3d 787 (2d Cir. 1994) ................................................................. 10

*Burns v. Bank of America*, 2008 U.S. Dist. LEXIS 98335 (S.D.N.Y., Dec. 4, 2008) ........... 7

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983) ............................................................................................................................. 10

*Estiverne v. Esernis-Jenssen*, 581 F. Supp. 2d 335 (E.D.N.Y., 2008) ................................. 8

*Exxon Mobile Corp. v. Saudi Basic Industrial Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005) ............................................................................................................................. 11

*Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) ......................................................... 10

*In Re Ades & Berg Investors*, 550 F.3d 240 (2d Cir. 2008) ............................................... 3

*Jacobson v. Fireman's Fund Insurance Co.*, 111 F.3d 261 (2d Cir. 1997) ......................... 9

*Mascoll v. Strumpf*, 2009 U.S. Dist. LEXIS 28121, *4 (E.D.N.Y., March 31, 2009) ............................................................................................................................. 7

*McKithen v. Brown*, 481 F.3d 89 (2007), cert. denied, ___ U.S. ___, 1285 S.Ct. 1218 (2008) ................................................................................................................... 10

*O'Brien v City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687 (1981) ............................. 10

*Ohlson v. The Cadle Co., Inc.*, 2008 U.S. Dist. LEXIS 77328, *22 (E.D.N.Y., Sept. 30, 2008) ............................................................................................................................. 7

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 33 S. Ct. 149 (1923) ..................................... 10

*Smith v. RBC Mortg.*, 2006 U.S. Dist. LEXIS 12082, *13 (S.D.N.Y. March 6, 2006) 227 Fed. Appx. 71 (2d Cir. 2007) ................................. 6

*Sorrentino v. ASN Roosevelt Center, LLC*, 579 F. Supp. 2d 387 (E.D.N.Y., 2008) ............ 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KEN CALDWELL and LISA CALDWELL,

                          Plaintiffs,                **Docket # CV 08-4207**
                                                                                       **(JFB)(WDW)**

                          -against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.,
RUSSELL POLIRER, FAIRFIELD PRESIDENTIAL
ASSOCIATES, LIGHTSTONE GROUP, FAIRFIELD
PRESIDENTIAL MANAGEMENT CORP., DAVID
LICHTENSTEIN, DEBBIE KETAY,

                          Defendants.

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Defendants, Gutman, Mintz, Baker & Sonnenfeldt, P.C., Russell Polirer, Fairfield Presidential Associates, Lightstone Group, Fairfield Presidential Management Corp., David Lichtenstein, Debbie Ketay, (collectively "Defendants"), respectfully submit this Memorandum of Law in support of their motion, pursuant to *Fed.R.Civ.P. 12(c)*, for judgment on the pleadings seeking the summary dismissal, with prejudice, of Plaintiffs pro se's, KEN CALDWELL and LISA CALDWELL, ("Plaintiffs"), Complaint. *A copy of Plaintiffs' Complaint is attached to the Affirmation of Kenneth A Novikoff, dated June 2, 2009, at Exhibit "A."* On or about October 7, 2008, Plaintiffs filed a sixteen-page complaint against Defendants and, from what can be discerned from this rambling and disjointed pleading, Plaintiffs seemingly allege claims against all of the Defendants for: (1) violation of the Fair Debt Collection Practice Act; (2) violation of Fair Credit Reporting Act; (3) Malicious Prosecution of a Civil Suit, (4) Malicious Abuse of Process, and; (5) violation of General Business Law § 349.

As will be set forth below, the allegations contained in Plaintiffs' Complaint, which all essentially circle around the purported conduct of Defendant Russell Polirer, Esq. ("Polirer"), and Defendant Gutman, Mintz, et. al., ("Gutman"), in a successful lawsuit brought against Plaintiffs in New York City's Civil Court by Defendant Fairfield Presidential Associates, ("FPA"), who was represented in said action by Gutman, compel the conclusion that Plaintiffs have not, and will not, be able to state any viable claim against any of the Defendants. Succinctly, not only have Plaintiffs failed to properly plead these various causes of action,[1] they are all barred either by the applicable statutes of limitations, the doctrine of *res judicata* and/or the Rooker-Feldman doctrine.

## STATEMENT OF FACTS[2]

Plaintiffs were tenants in one of FPA's residential buildings on or before April 2, 2003. Gutman, a law firm representing FPA, sent one collection letter to Plaintiffs dated April 2, 2003 regarding nonpayment by Plaintiffs of rent on a condominium apartment owned by FPA and occupied by Plaintiffs. Approximately four years later, on January 3, 2006, Gutman sent another collection letter to Plaintiffs. Thereafter, on February 27, 2006, Gutman filed a lawsuit on behalf of FPA for breach of the lease and damages to Plaintiffs' apartment, which was venued in the New York City Civil Court.

FPA's lawsuit proceeded to trial. Plaintiffs contend that on the day of the trial, Polirer, an attorney with Gutman, did not produce certain documents, including the Certificate of Occupancy, ("COO"), and the Multiple Dwelling Registration, ("MDR"), which according to Plaintifffs were purportedly required by law be produced in order for FPA to satisfy its burden of proof. Plaintiffs allege, *inter alia,* that Mr. Polirer did not produce the COO at trial because he

---

[1] A motion pursuant to Rule 12(c) is governed by the same legal standard as one under Rule 12(b)(6). *See, e.g., In Re Ades & Berg Investors, 550 F.3d 240, 243, n. 4 (2d Cir., 2008).*
[2] Unless otherwise noted, all representations in the "Statement of Facts" are from Plaintiffs' Complaint.

2

knew that FPA's building did not have a current COO on file with the New York City Department of Buildings.

The trial proceeded on June 4, 2007 and concluded in FPA's favor. *See, Novikoff Aff., at Exhibit "B."*[3] Plaintiffs then appealed the Judgment on July 24, 2007. Judgment was entered on September 14, 2007.[4] *See, Novikoff Aff., at Exhibit "D."* On November 5, 2007, Gutman moved to enforce the Judgment by placing a lien on Plaintiffs' bank account in the amount of $17,831.45

Thus, it appears, perhaps with the exception of one letter sent by Gutman almost six years prior to initiation of this action, and one letter sent almost two years prior to the initiation of this action, Plaintiffs claims all revolve around the purported conduct of Defendants, (and the judge), within the context of the judicial proceeding commenced by FPA in the New York City Civil Court. This conclusion is seemingly self-evident from Plaintiffs *pro se's* various statements in their Complaint. For example, Plaintiffs allege that:

> **III.** Statement of Claim. The law firm of Gutman, Mintz, Baker & Sonnenfeldt, P.C., Russell Polirer as well as this alleged owner, Fairfield Presidential Associates . . . knowingly violated . . . by

---

[3] The Court ruled as follows:

> After trial I hereby find and decide that: Plaintiff has established a *prima facie* case based on credible evidence. Defendant d/n establish a *prima facie* case on counterclaim.

> These matters originated in housing court Index # 006635/01; 081666/01; and 063139/02 where issues of non-payment and abatement + holdover were adjudicated. All matters were appealed and denied. A judgment of possession was granted in holdover action. U + O was established and unpaid. Plaintiff seeks money judg. in this matter + established his claim. Defendant counterclaimed seeking for the abatement but had his day in housing court + c/n sustain this claim in Civil Court.

> Judgment is rendered in favor of Plaintiff – Fairfield Pres. Assoc. and against Ken Caldwell & Lisa Caldwell in the amount of $11,462.93, with interest from 12/01/01 and with [      ] costs.

[4] This Court can take judicial notice of the fact that Plaintiffs' appeal was denied by the Appellate Term For The Second, Eleventh and Thirteenth Judicial Districts on February 11, 2009. *See, Novikoff Aff., at Ex. "C."*

3

> otaining a judgment form the New York City Civil Court without submitting the cerfiticate of occupancy fromt the NYC Dept. of Building or the MDR from the NYC Dept. of HPD knowing that this is required by law, which the statutes of law states without presenting this document to the court[.]
>
> (1) [T]hese claims arose from the New York City Housing Court/Civil Court in the City of New York County of Kings at 141 Livingston Street, Brooklyn, New York, 11201. Based on the judges being bias and showing favoritism by granting the alleged owner Fairfield Presidential Associates and the actual owner Fairfield Presidential Management court order over the years without enforcing any statutes of law or law of case against these landlord's as well as allowing the law firm of Gutman, Mintz, Baker & Sonnenfeldt, P.C. to violate the Lawyer Code of Professional Responsibility.

*See, Complaint, at p. 2.* Similarly, Plaintiffs claim that:

> (2) This law firm of Gutman, Mintz, Baker & Sonnenfeldt, P.C. has knowingly violated . . . when representing this alleged owner Fairfield Presidenital Associates . . . as well as representing their self knowing that these laws were not going to be enforced by the civil court judges as the exhibits will show and can not be disputed [.]

*Id., at p. 3.* Plaintiffs also allege that:

> (6) the law firm of Gutman, Mint, Baker & Sonnenfledt, P.C. just went ahead and filed a frivolous lawsuit on behalf ot his alleged owner Fairfield Presidential Associates on Feb. 27, 2006, for breach of lease and damages to the apartment, then delay the trial for over a year with frivolous motions asking the court to quash subpoena for records and a protective order to not turn over discovery demand for documents that are required to prove there client **(prima facie case)**, knowing at the same time that we were marked on the court filed on April 13, 2006, for final trial against there client Fairfield Presidential Associates for June 29, 2006, but did not go to trial until Jun. 4, 2007. [       ].
>
> (7) on June 4, 2007, the day of the trial the alleged owner Fairfield Presidential Asosciates attorney Russell Polirer from the law firm of Gutman, Mintz, Baker & Sonnebfeldt, P.C. never showed any documents that were required by law to prove client **(prima facie case)** and in fact had to amend their claims from breach of lease and damages to the apartment to use of occupancy

4

> from the holdover order dated Spet. 23, 2002, which is on trascript on page 37, 38 as well as the property manager Debbie Ketay stating that my wife and I 2001, lease was never executed on page 18, 19, and her attorney Russell Polirer still never showed the certificate of occupancy or the MDR . . . nor did the Hon. Alice Fisher Rubin ask to see these documents.
> [       ].

*Id.*, at p. 4-5.

## POINT I

## PLAINTIFFS' PLEADINGS DEMONSTRATE THAT THEY HAVE NOT STATED ANY VIABLE CLAIMS FOR RELIEF

As previously addressed, Plaintiffs have apparently asserted five claims for relief against some and/or all of Defendants:

(1) violation of the United States Fair Debt Collection Practice Act;

(2) violation of the United States Fair Credit Reporting Act;

(3) Malicious Prosecution of a Civil Suit;

(4) Malicious Abuse of Process, and;

(5) violation of New York State's General Business Law § 349.

Plaintiffs' allegations in the Complaint completely fail to state a viable claim under any of the above theories. Moreover, based upon Plaintiffs' pleadings, Plaintiffs' claims, even if properly alleged, are all otherwise barred by the applicable statute of limitations, the doctrine of *res judicata* and/or the *Rooker-Feldman* doctrine.

### A.   *Fair Debt Collection Practice Act (FDCPA)*

The Fair Debt Collection Practice Act, ("FDCPA"), is aimed at eliminating the use of "abusive, deceptive, and unfair debt collecction practices by . . . debt collectors." *15 U.S.C. § 1692(a)*. *Section 1692(d)* prohibits debt collectors from engaging in "conduct the consequence of which is to harass, oppress, or abuse any person in connection with the collection or the consequence of which is to abuse the hearer or reader." *Section 1692(e)* prohibits debt collectors

from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and specifically prohibits the "false representation of the character, amount, or legal status of any debt." *15 U.S.C. § 1692e(2)(A)*. Here, plaintiffs have proffered no allegation or set of allegations that would even inferentially suggest that their FDCPA claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).* [5]

Instead, plaintiffs merely refer to two collection letters sent by Gutman, one in April 2003 and the other in January 2006, and alleging that they "protested" each. *See, Complaint at p. 4.* However, to the extent April 2003 letter could even support an FDCPA violation, plaintiffs' action would be time barred pursuant to *§ 1692k*, which provides that an action to enforce any liability created by the FDCPA must be brought 'within one year from the date the violation occurs.'" *Ohlson v. The Cadle Co., Inc., 2008 U.S. Dist. LEXIS 77328, * 22 (E.D.N.Y., Sept. 30, 2008); see also, Mascoll v. Strumpf, 2009 U.S. Dist. LEXIS 28121, *4 (E.D.N.Y., March 31, 2009).* Here, Plaintiffs commenced this action no earlier than October, 2007, thus rendering any claim based on the April 2003 letter time-barred. Likewise, any possible FDCPA claim based upon the January 2006 collection letter is also untimely. *Id.*

### B.   *Federal Credit Reporting Act (FCRA)*

The Fair Credit Reporting Act, ("FCRA"), codified in *15 U.S.C. § 1681-2(a)*, sets forth obligations on 'consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *See, e.g., Smith v. RBC Mortg., 2006 U.S. Dist. LEXIS 10282, *13 (S.D.N.Y. March 6, 2006) (quotation omitted) aff'd. 227 Fed Appx. 71 (2d*

---

[5] Additionally, Plaintiffs have neither alleged that any of the Defendants are "debt collectors," *see, e.g., Burns v. Bank of America, 2008 U.S. Dist. LEXIS 98335, *30 (S.D.N.Y., Dec. 4, 2008)* ("the [FDCPA] is quite clear that it is directed at independent debt collectors and not creditors attempting to collect on their own debt.") *(quotation, citation omitted),* nor disclosed upon what basis Gutman and Polirer should be held liable under the FDCPA.

*Cir. 2007).* An examination of Plaintiffs' Complaint indicates that they are alleging violations of *FCRA §§ 2682 m, n, o and q. See, Complaint.* Notably, however, Plaintiffs have failed to plead any allegations that would support a claim for relief under any of these sections. Moreover, the only facts pled by Plaintiffs that seemingly address this claim appear on page 10 of their Complaint.[6] These allegations however, refer to conduct purportedly undertaken in 2001 and 2002, which cannot form the basis of a FCRA claim in light of FCRA's two year statute of limitation.[7] *Id.*

### C.  *Malicious Prosecution Of A Civil Suit*

In order to state a claim for malicious prosecution, a Plaintiff must allege: "(1) the initiation of an action by the Defendant against the Plaintiff, (2) begun with malice, (3) without probably cause to believe it can succeed, ***(4) that ends . . . in favor of the Plaintiff.*** " *Estiverne v. Esernis-Jenssen,* 581 F.Supp.2d 335, 348 (E.D.N.Y., 2008) *(quotation, citation omitted) (emphasis added).* Here, this Court need not even address the first three elements, as Plaintiffs cannot satisfy the fourth, inasmuch as the "action" at issue ended in FPA's favor.

### D.  *Malicious Abuse of Process*

The elements of malicious abuse of process are borrowed from state law. *Blair v. City Of New York,* 2009 U.S. Dist. LEXIS 29300, * 25 (E.D.N.Y., Mar. 31, 2009) *(citation omitted).* In order to maintain a claim for malicious abuse of power, a plaintiff must show that a defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id., at * 25 – 26 (quotation, citation omitted).* "The crux of a malicious abuse of process claim is the collateral objective element."

---

[6] *See, Complaint,* at ¶¶ denominated as *21, 22 and 23.*
[7] Further, Plaintiffs do not have a private civil cause of action under the FCRA. *Id. (Citing 15 U.S.C. § 1681.2(d)).*

7

*Id.*, at * 26 *(quotation omitted).* "In order to establish the collateral objective element, 'a Plaintiff must prove not that defendant acted with an improper motive, but rather an improper purpose.'" *Id. (Quotation omitted).*

Here, given that FPA prevailed in the Civil Court action and on appeal, defendants respectfully submit that it would be a legal impossibility for Plaitniffs to establish that Defendants issued process "without excuse or justification," or otherwise acted with "an improper purpose."

### E.     General Business Law § 349

New York State's General Business Law § 349 makes illegal "deceptive acts or practices in the conduct of any busines, trade or commerce or in the furnishing of any service in this state . . ." *GBL § 349.* "To successively state a claim pursuant to *GBL § 349,* a Plaintiff must plead and prove: (1) a consumer oriented transaction; (2) deceptive acts by the defendant; and (3) injury caused by such deceptive acts." *Sorrentino v. ASN Roosevelt Center, LLC, 579 F.Supp.2d 387, 391 (E.D.N.Y, 2008) (citation omitted).*

Plaintiffs have failed to allege what specific acts undertaken by the Defendants, individually or collectively, were deceptive and, obviously, what damages were caused by the deceptive acts. In this regard, it is axiomatic that the commencement and successful prosecution of a civil suit cannot be deemed "deceptive."

### POINT II

### THE DOCTRINE OF *RES JUDICATA* BARS PLAINTIFFS' CLAIMS FOR RELIEF

"Under the doctrine of *res judicata,* a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 265 (2d Cir. 1997) (quoting*

8

*Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994))*. "[F]ederal courts . . . accord state judgments the same preclusive effect those judgments would have in the courts of the rendering state . . . ." *Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 93 (2005)*.

"New York law has adopted a 'transactional approach to [the *res judicata* doctrine]." *McKithen v. Brown, 481 F. 3d 89, 104 (2007), Cert. denied, ___ U.S. ___, 128 S.Ct. 1218 (2008)*. Under this approach, "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v City of Syracuse, 54 N.Y. 2d 353, 357, 445 N.Y.S. 2d 687 (1981) (citation omitted);* Furthermore, New York's *res judicata* doctrine also bars any "[m]atters that could have or should have been raised in a prior proceeding arising from the same factual grouping." *Ferris v. Cuevas, 118 F. 3d 122, 126 (2d Cir. 1997) (citations, quotation omitted)*.

Here, each and every claim asserted by Plaintiffs arise from the same transactions, *to wit*, Plaintiffs' breach of their respective lease with FPA. As such, to the extent this Court concludes that any of Plaintiffs' claims have validity, they all could have been and should have been brought in the Civil Court proceeding.

## POINT III

### THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFFS' CLAIMS FOR RELIEF

The *Rooker-Feldman* doctrine originated with the Supreme Court's decision in *Rooker v. Fidelity Trust Co., 263 U.S. 413, 33 S. Ct. 149 (1923)*, which held that no federal court, other than the Supreme Court, can consider a claim to reverse or modify a state court judgment. *Id., at 416*. Sixty years after deciding *Rooker*, the Supreme Court expanded upon this principle in *District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983)*, holding

9

that federal district courts did not have jurisdiction to entertain claims that were 'inextricably intertwined' with a state court's determinations. *Id., at 483, n. 16.* The Supreme Court more recently sated in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517 (2005)*, that the *Rooker-Feldman* doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Id., at 1521-22.*

Here, Plaintiffs' claims for relief are nothing if not a complaint of the injuries caused by FPA successful litigation against them in the Civil Court. As such, the *Rooker-Feldman* doctrine should be applied to Plaintiffs' claims and their Complaint should be dismissed, with prejudice.

WHEREFORE, Defendants respectfully request that this Court dismiss, with prejudice, Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(c) and grant Defendants such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
June 2, 2009

                                Respectfully submitted,

                                /s/
                                Kenneth A. Novikoff (KAN – 0350)
                                RIVKIN RADLER LLP
                                926 RXR Plaza
                                Uniondale, NY 111556-0926
                                Ph: (516) 357-3110
                                Fax: (516) 357-3333
                                Email: ken.novikoff@rivkin.com
                                Counsel for Defendants

TO:    KEN & LISA CALDWELL
          Plaintiffs *Pro Se*
          309 Sandburg Place
          Newark, DE 19702

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF NASSAU        )

I, JOAN A. SIWEK being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York.

On June 2, 2009, I served the within **Memorandum of Law in Support of Defendants' Motion, Pursuant to Fed.R.Civ.P. 12(c) to Dismiss Plaintiffs Pro Se's Complaint,** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery.

KEN & LISA CALDWELL
Plaintiffs Pro Se
309 Sandburg Place
Newark, DE  19702

JOAN A. SIWEK

Sworn to before me this
2nd day of June, 2009

Notary Public

THERESA DIMARZO
Notary Public, State of New York
No. 01DI50194l8
Qualified in Nassau County
Commission Expires August 21, 20 09

2259072 v1