UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEN CALDWELL and LISA CALDWELL,

                              Plaintiffs,         **Docket # CV 08-4207**
                                                   **(JFB)(WDW)**

          -against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.,
CENTURY CREDIT & COLLECTIONS, CENTURY
CREDIT-COLLECTIONS CORP., GARY KAVULICH,
AND DAVID LICHTENSTEIN,

                              Defendants.

-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION, PURSUANT TO FED.R.CIV.P. 12(b) (6), TO DISMISS PLAINTIFFS'** *PRO SE* **AMENDED COMPLAINT FILED APRIL 7, 2011**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS..........................................................................................................2

    POINT I PLAINTIFFS HAVE AGAIN FAILED TO STATE ANY VIABLE CLAIMS FOR RELIEF..........................................................................................................................................3

        A.    Common Law Fraud ..................................................................................................3

        B.    Fair Credit Reporting Act .........................................................................................5

        C.    General Business Law § 349 ....................................................................................5

        D.    New York City Consumer Protection Law................................................................6

POINT II THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL BAR PLAINTIFFS' CLAIMS FOR RELIEF .......................................................................................7

CONCLUSION ...........................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*,
  2010 U.S.Dist. LEXIS 30653 (E.D.N.Y. March 30, 2010) ................................................. 1, 5, 6

*Ferris v. Cuevas*,
  118 F. 3d 122 (2d Cir. 1997) (citations, quotation omitted) ....................................................... 8

*Hoblock v. Albany County Bd. of Elections*,
  422 F.3d 77 (2005) ..................................................................................................................... 8

*In Re Ades & Berg Investors*,
  550 F.3d 240 (2d Cir., 2008) ...................................................................................................... 2

*Jacobson v. Fireman's Fund Ins. Co.*,
  111 F.3d 261 (2d Cir. 1997) ....................................................................................................... 7

*Matter of Meyer*,
  62 AD3d 133 (1st Dept. 2009) ................................................................................................. 7

*McKithen v. Brown*,
  481 F. 3d 89 (2007), Cert. denied, ___ U.S. ___, 128 S.Ct. 1218 (2008) ................................. 8

*O'Brien v City of Syracuse*,
  54 N.Y. 2d 353, 445 N.Y.S. 2d 687 (1981) (citation omitted) ................................................... 8

*People v Pharmacia Corp.*,
  2010 NY Slip Op 20033 (N.Y. Sup. Ct. 2010) ....................................................................... 6, 7

*Schiro v. Farley*,
  510 U.S. 222 (1994) ................................................................................................................... 8

*Smith v. RBC Mortg.*,
  2006 U.S. Dist. LEXIS 10282 (S.D.N.Y., March 6, 2006) (quotation omitted), aff'd.,
  227 Fed Appx. 71 (2d Cir. 2007) ............................................................................................... 5

*Sorrentino v. ASN Roosevelt Center, LLC*,
  579 F.Supp.2d 387 (E.D.N.Y, 2008) (citation omitted) ............................................................. 5

*Wilson v. Dalene*,
  2010 U.S. Dist. LEXIS 66367 (E.D.N.Y., July 2, 2010) ............................................................ 3

*Wilson v. Dalene*,
  2010 U.S. Dist. LEXIS *8 (E.D.N.Y., March 29, 1010) ............................................................ 4

## PRELIMINARY STATEMENT

Defendants, Gutman, Mintz, Baker & Sonnenfeldt, P.C., Century Credit & Collections, Century Credit-Collections Corp.,[1] and David Lichtenstein,[2] (collectively "Defendants"), respectfully submit this Memorandum of Law in support of their motion, pursuant to *Fed.R.Civ.P. 12(b)(6)*, for an Order dismissing, with prejudice, the Second Amended Complaint of Plaintiffs *pro se*, Ken Caldwell and Lisa Caldwell ("Plaintiffs"). *A copy of Plaintiffs' Second Amended Complaint is attached to the Novikoff Aff., as Exhibit "B."* By Order dated March 30, 2010, *a copy of which is attached to the Novikoff Aff., as Exhibit "C,"* Your Honor adopted the Report and Recommendation, ("R&R"), issued by Magistrate William D. Wall, dated January 27, 2010, *a copy of which is attached to the Novikoff Aff., as Exhibit "D,"* dismissing Plaintiffs' original Complaint, pursuant to Fed.R.Civ.P. 12(c), with prejudice, except as to Plaintiffs' Fair Credit Reporting Act, ("FCRA") claim for relief, which Your Honor, while agreeing that the FCRA claim should be dismissed, provided Plaintiffs the opportunity to replead. *See, Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 2010 U.S.Dist. LEXIS 30653, *1 (E.D.N.Y. March 30, 2010).*

Following the March 30, 2010 Order, in an Amended Complaint, filed on May 4, 2010, (hereinafter, "Amended Complaint"), Plaintiffs attempted to replead their FCRA claim and alleged a claim under § 5-77 of the New York City Consumer Protection Act, as well as a

---

[1] There is no entity, to Defendants' knowledge, known as "Century Credit - Collections Corporation." There is an entity named Century Credit And Collection Corp., *see, Affirmation of Kenneth A. Novikoff, ("Novikoff Aff."), dated June 9, 2011*, at Exhibit "A," and it is this entity that is responding herein.

[2] Defendants Century Credit & Collections and Gary Kavulich have been added by Plaintiffs in their most recent Amended Complaint dated April 2, 2011 and filed on April 7, 2011 (hereinafter referred to as "Second Amended Complaint"). Rivkin Radler LLP does not represent Defendant Gary Kavulich. To the extent Plaintiffs have added Century Credit & Collections, Defendants have been operating with the understanding that Century Credit And Collections Corp., is a Defendant in this action. *See, fn 1.* Former Defendants Russell Polirer, Kenneth Mintz and Fairfield Presidential Associates, L.P. have not been named by Plaintiffs as a Defendant in their Second Amended Complaint.

common-law fraud claim. In response, Defendants moved to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). During the pendency of Defendants' motion to dismiss the Amended Complaint, Plaintiffs moved to amend their pleadings once again, in order to add Defendants Century Credit & Collections and Gary Kavulich. Plaintiffs' request was granted and they filed the Second Amended Complaint on April 7, 2011. Plaintiffs' Second Amended Complaint again repleads their claims under the FCRA, § 5-77 of the New York City Consumer Protection Act, and common-law fraud and alleges a claim under the New York State General Business Law §349 (A).[3]

As will be set forth below, the allegations contained in Plaintiffs' Second Amended Complaint, which all essentially circle around the purported conduct of Defendants in a successful lawsuit brought against Plaintiffs in New York City's Civil Court by Defendant Fairfield Presidential Associates, ("FPA"), who was represented in said action by Defendant Gutman, Mintz, et. al., ("Gutman"), compel the conclusion that Plaintiffs still have not, and will not, be able to state any viable claim against any of the Defendants. Succinctly, despite the fact that Plaintiffs have taken a third bite of the proverbial apple, not only have they failed to properly plead their various causes of action,[4] they are all barred either by the applicable statutes of limitations, the doctrines of *res judicata* and/or collateral estoppel.

## STATEMENT OF FACTS

Defendants respectfully refer to the March 30, 2010 Order, *see Exhibit "C,"* and the R&R, *see, Exhibit "D,"* for a full and complete recitation of the material facts. To the extent there are any material facts contained in the Second Amended Complaint that were not contained

---

[3] Plaintiffs asserted a General Business Law claim in their initial Complaint which was dismissed with prejudice by this Court in its March 30, 2010 Order. *See, Novikoff Aff. at Ex. C.*

[4] A motion pursuant to Rule 12(c) is governed by the same legal standard as one under Rule 12(b)(6). *See, e.g., In Re Ades & Berg Investors, 550 F.3d 240, 243, n. 4 (2d Cir., 2008).*

2

in the dismissed Complaint, they will be analyzed in the context of Defendants' arguments herein.

## POINT I

### PLAINTIFFS HAVE AGAIN FAILED TO STATE ANY VIABLE CLAIMS FOR RELIEF

Plaintiffs' Second Amended Complaint asserts claims against some and/or all of the Defendants for:

> (1) a violation of the United States Fair Credit Reporting Act;
>
> (2) a violation of the New York City Consumer Protection Law,
>
> (3) a violation of New York State's General Business Law § 349; and
>
> (3) common-law fraud.

Plaintiffs' allegations in the Amended Complaint completely fail to state a viable claim under any of the above theories.

### A.   *Common Law Fraud*

Plaintiff's Second Amended Complaint alleges that Defendants David Lichtenstein and Gary Kavulich committed common law fraud.[5] It is well settled that in order to state a claim for fraud under New York law, a plaintiff is required to allege the following elements: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Wilson v. Dalene, 2010 U.S. Dist. LEXIS 66367, *16 (E.D.N.Y., July 2, 2010) (quoting Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006))*.

---

[5] The claims against Defendant Kavulich are not specifically addressed herein.

3

Moreover, general and conclusory allegations of "fraud" will not suffice when confronted with Fed.R.Civ.P. 12(B)(6) motion, as Fed.R.Civ.P. 9(b) requires all averments of fraud and the circumstances constituting fraud to be stated with particularity. "[I]n order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Wilson v. Dalene, 2010 U.S. Dist. LEXIS *8 (E.D.N.Y., March 29, 1010) (quoting Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation omitted))*. Additionally, "[a]lthough Rule 9(b) allows a plaintiff to allege fraudulent intent generally, a plaintiff must 'allege facts that give rise to a strong inference of fraudulent intent." *Id. (quoting Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., 2000 U.S. Dist. LEXIS 14043, at *23 (S.D.N.Y., Sept. 22, 2000) (internal quotation omitted))*. "These requirements ensure that a 'complaint alleging fraud' is filed 'only after a wrong is reasonably believed to have occurred,' and 'not to find one.'" *Id., at *8-9 (quoting Abercrombie v. Andrew Coll., 438 F.Supp.2d 243, 272 (S.D.N.Y. 2006) (internal quotation omitted))*. "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id., at *9 (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987))*.

While Plaintiff's Second Amended Complaint includes some of the requisite buzz words, a close examination reveals that they have not satisfied the pleading requirements. Not only do Plaintiffs fail to allege facts that give rise to a strong inference of fraudulent intent, they entirely fail allege that they reasonably relied on the alleged false information that they claim was provided by Mr. Lichtenstein.

4

Here, Plaintiffs have not alleged their fraud claim with the requisite particularity to satisfying the five (5) elements of a claim for common law fraud. Instead, the pleadings are replete with conclusory allegations that merely relate to the underlying Civil Court decision. *See, Point II and II infra.* Accordingly, this claim for relief should be dismissed, with prejudice.

**B.      Fair Credit Reporting Act**

FCRA, codified in *15 U.S.C. § 1681-2(a)*, sets forth the respective obligations on 'consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *See, e.g., Smith v. RBC Mortg.,* 2006 U.S. Dist. LEXIS 10282, *13 (S.D.N.Y., March 6, 2006) (quotation omitted), aff'd., 227 Fed Appx. 71 (2d Cir. 2007).* This Court has previously determined that Plaintiffs' allegations in their prior pleading would be construed as asserting a FCRA § 1681q claim. *Caldwell, supra at \*29-30.* Notably, however, this Court held that "[P]laintiffs do not allege that the address was obtained from a 'consumer reporting agency' or that it was obtained by "false pretenses."" *Id.*

Here, although Plaintiffs have arguably identified a "consumer reporting agency," they have wholly failed to allege the requisite "false pretenses" other than in purely conclusory terms. As such, Plaintiffs' FCRA claim must be dismissed, with prejudice.

**C.      General Business Law § 349**

New York State's General Business Law § 349 makes illegal "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . ." *GBL § 349.* "To successively state a claim pursuant to *GBL § 349*, a Plaintiff must plead and prove: (1) a consumer oriented transaction; (2) deceptive acts by the defendant; and (3) injury caused by such deceptive acts." *Sorrentino v. ASN Roosevelt Center, LLC,* 579 F.Supp.2d 387, 391 (E.D.N.Y, 2008) (citation omitted).

Construed in a light most favorable to the Plaintiffs, the pleading appears to assert a General Business Law claim against Defendants Gary Kavulich and Century Credit & Collections/Century Credit Collections Corp. *See, Second Amended Complaint at p. 11*. However, their General Business Law claim is governed by a three-year statute of limitations. *People v Pharmacia Corp., 2010 NY Slip Op 20033, 3 (N.Y. Sup. Ct. 2010) citing Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 210, (2001)*. Based on Plaintiffs' allegations concerning their General Business Law claim, the time period in question involves:

(a)  Obtaining Plaintiffs' new address on December 7, 2005;

(b)  Mailing indebtedness letters to Plaintiffs on January 3, 2006; and

(c)  Filing a lawsuit on February 27, 2006.

*See, Second Amended Complaint at pp. 2, 11.* Accordingly, the three year statute of limitations has long run.

The General Business Law claims are further barred by this Court's prior Order dismissing Plaintiffs' original General Business Law claims with prejudice. *See, Caldwell 2010 U.S. Dist. LEXIS 30653, \*\*32.*

### D.   *New York City Consumer Protection Law*

N.Y.C.O.L. § 5 – 77, entitled "Unconscionable and Deceptive Trade Practices," is contained within Title 6, Chapter 5 of the Rules Of The City Of New York. Section 5 – 77 goes through a litany of requirements that must be met by a debt collector concerning: (a) "acquisition of location information"; (b) "communication in connection with debt collection"; (c) "harassment or abuse"; (d) "false or misleading representation"; (e) "unfair practices," and; (f) "validation of debts." *See, N.Y.C.O.L. § 5 – 77.*

Plaintiffs allege that Defendants Gutman, Mintz, Baker & Sonnenfeldt, P.C. and Century Credit & Collections/Century Credit-Collections Corp. violated § 5 – 77 as follows:

6

> By not validating the debt on Jan. 7, 2006 and May 11, 2006 by showing proof of the original creditor of the debt which the law clearly states <u>that once the debt is disputed the debt collector shall cease collection of the debt</u> which was never complied with by these defendants and knowingly and willfully proceeded with their client FPA claims by filing a lawsuit on Feb. 27, 2006 without validating the debt.

*Second Amended Complaint, pp. 9-10 (emphasis in original).* Assuming for the purpose of this motion that Plaintiffs have adequately pled a cause of action under § 5 – 77, this claim must be dismissed due to the expiration of the applicable statute of limitations. New York Civil Procedure Law and Rules ("C.P.L.R.") § 214 (2) imposes a three-year statute of limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute . . . ." *See, People v. Pharmacia Corp., 2010 Slip Op. 20033, 3 (N.Y. Sup.Ct. 2010).* This limitation applies where liability would not exist but for a statute. *Matter of Meyer, 62 AD3d 133, 138 (1st Dept. 2009).* Here, the liability under § 5-77 arises solely from statute, therefore the three-year statute of limitations applies. *See, C.P.L.R. § 214 (2); see also, Pharamacia supra.* Accordingly, Plaintiffs' § 5-77 claim for relief, based on allegations that occurred from January 7, 2006 – May 11, 2006, must be dismissed, with prejudice.

## POINT II

### THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL BAR PLAINTIFFS' CLAIMS FOR RELIEF

As previously addressed by this Court, Plaintiffs claims are barred by the doctrine of *res judicata* and/or collateral estoppel to the extent that they relate to the underlying Civil Court proceedings. "Under the doctrine of *res judicata*, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 265 (2d Cir. 1997) (quoting Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994)).* "[F]ederal courts . . . accord state

7

judgments the same preclusive effect those judgments would have in the courts of the rendering state . . . ." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 93 (2005).

"New York law has adopted a 'transactional approach to [the *res judicata* doctrine]." *McKithen v. Brown*, 481 F. 3d 89, 104 (2007), Cert. denied, ___ U.S. ___, 128 S.Ct. 1218 (2008). Under this approach, "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v City of Syracuse*, 54 N.Y. 2d 353, 357, 445 N.Y.S. 2d 687 (1981) (citation omitted); Furthermore, New York's *res judicata* doctrine also bars any "[m]atters that could have or should have been raised in a prior proceeding arising from the same factual grouping." *Ferris v. Cuevas*, 118 F. 3d 122, 126 (2d Cir. 1997) (citations, quotation omitted).

Similar to *res judicata*, collateral estoppel, has the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Caldwell at* \*\* 15-16 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). "[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id. at* \*\* 15 (quoting, *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)); see also, *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).

Despite their efforts to replead their allegations, each and every claim asserted by Plaintiffs still arise from the same transactions, *to wit*, Plaintiffs' breach of their respective lease with FPA and relate to the determinations rendered in the Civil Court action. As such, to the

extent this Court concludes that any of Plaintiffs' claims have validity, they all could have been and should have been brought in the Civil Court proceeding.

WHEREFORE, the within Defendants respectfully request that this Court dismiss, with prejudice, Plaintiffs' Second Amended Complaint pursuant to Fed.R.Civ.P. 12(c) and grant Defendants such other and further relief as this Court deems just and proper.

9

## CONCLUSION

Defendants respectfully request that this Court dismiss, with prejudice, Plaintiffs' Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and grant Defendants such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
June 9, 2011

                                                    Respectfully submitted,

/s/ _____
Kenneth A. Novikoff (KAN – 0350)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY 111556-0926
Ph: (516) 357-3110
Fax: (516) 357-3333
Email: ken.novikoff@rivkin.com
Counsel for Defendants Gutman, Mintz, Baker & Sonnenfeldt, P.C., Century Credit & Collections, Century Credit-Collections Corp., and David Lichtenstein

TO:     KEN & LISA CALDWELL
          Plaintiffs *Pro Se*
          309 Sandburg Place
          Newark, DE 19702

2500955 v1