# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――

Nº 08-CV-4207 (JFB)(WDW)

―――――――――――

KEN CALDWELL AND LISA CALDWELL,

Plaintiffs,

VERSUS

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C., ET AL.,

Defendants.

―――――――――――

**MEMORANDUM AND ORDER**
March 28, 2012

―――――――――――

JOSEPH F. BIANCO, District Judge:

Ken Caldwell and Lisa Caldwell (collectively "Caldwells" or "plaintiffs") filed an amended complaint against Gutman, Mintz, Baker & Sonnenfeldt, P.C. ("Gutman"); Century Credit-Collections Corporation a.k.a. Century Credit & Collections ("Century"); Gary Kavulich ("Kavulich") and David Lichtenstein ("Lichenstein") (collectively "defendants") alleging violations of the Fair Credit Reporting Act ("FCRA"), the New York City Consumer Protection Law § 5-77, New York State General Business Law § 349(a), and common law fraud. Before this Court is defendants' motion to dismiss the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As discussed below, the motion is granted in its entirety as to the federal claims. In a Memorandum and Order, dated March 30, 2010, the Court dismissed all of the claims, but gave plaintiffs leave to re-plead the FCRA claim. Since that decision, plaintiffs have failed to allege a plausible claim under the FCRA because they have not alleged that defendants obtained their address from a consumer reporting agency by "false pretenses." *See* 15 U.S.C. § 1681q. In particular, plaintiffs' two theories of false pretenses set forth in the amended complaint – namely, (1) that defendant Century failed to possess a valid license, or (2) that defendants did not hold the deed to the condo at issue – cannot prevail as a matter of law. In particular, an alleged failure to possess a license, without more, does not amount to an FCRA violation. Moreover,

any FCRA claims premised on the defendants' purported non-ownership of the condo by plaintiffs are barred by collateral estoppel. Thus, the FCRA claim must be dismissed as a matter of law, with prejudice.

Similarly, the state law claims in the amended complaint also cannot survive a motion to dismiss.[1] Although the Court dismissed the claim under Section 349 of the New York General Business Law with prejudice in the March 30, 2010 Memorandum and Order, plaintiffs have attempted again to re-plead that claim. Plaintiffs also added new claims for common law fraud and an alleged violation of Section 5-77 of New York City Consumer Protection Law, which were not addressed by the Court's March 30, 2010 Memorandum and Order. The state claims claims, for the reasons set forth in the March 30, 2010 Memorandum and Order and *infra*, cannot survive a motion to dismiss and are dismissed with prejudice.

## I. BACKGROUND

The following facts are taken from the Second Amended Complaint filed on April 7, 2011, ECF No. 65 ("Am. Compl."), and are not findings of fact by the Court.[2] Instead, the Court will assume the facts in the complaint to be true and, for purposes of the pending 12(b)(6) motion to dismiss, will construe them in a light most favorable to plaintiffs, the non-moving party.

Plaintiffs were renting a condo at 711 Shadwell Court, apartment 1F in Newport News, Virginia (hereinafter the "condo"). (Am. Compl. at 2.[3]) David Lichtenstein, the owner of The Lightstone Group ("Lightstone") and Fairfield Presidential Associates, L.P. ("FPA"), took steps to collect on the debt allegedly owed to FPA by plaintiffs for rent payment. Lichtenstein enlisted the help of Gutman to collect the debt. (*Id*.) Gutman hired Century to obtain plaintiffs' addresses. (*Id*.) On December 7, 2005 Century contacted Experian Credit Bureau and obtained plaintiffs' address at 711 Shadwell Court. (*Id*.) Gutman subsequently sent plaintiffs letters on January 3, 2006 on behalf of FPA. (*Id*.) Plaintiffs allege that Gutman never verified the ownership of the deed to plaintiffs' condo and that, in fact, FPA did not hold the deed to plaintiffs' condo and thereby had no right to any debt plaintiffs may have owed for rent. (*Id*. at 2-3.)

Gutman filed a suit against plaintiffs on behalf of FPA and Lichtenstein in New York City Civil Court. (*Id*. at 3.) In that lawsuit, plaintiffs argued – as they do now in their amended complaint – that FPA was not the owner of plaintiffs' condo and was thereby not entitled to collect on any debt that may have been owed by plaintiffs. (*Id*.) The state-court lawsuit resulted in a judgment against plaintiffs. (*See* Affidavit Accompanying Defendants' Motion to

---

[1] In addition to the federal question jurisdiction over the federal claims, the Court has jurisdiction over the state law claims based upon diversity jurisdiction.

[2] Defendants refer to plaintiffs' complaint as the Second Amended Complaint, but it is actually the third complaint filed by plaintiffs in this action. Plaintiffs filed their Complaint on October 7, 2008 (ECF No. 1), their second amended complaint on May 4, 2010 (ECF No. 43), and their third amended complaint on April 7, 2011 (ECF No. 63). The Court refers to the third amended complaint as "Am. Compl." throughout this Memorandum and Opinion.

[3] Plaintiffs have not numbered the pages of their amended complaint. Accordingly, the page numbers cited herein refer to the numbers assigned by the ECF docketing system.

Dismiss, June 2, 2009, ECF No. 21, Exs. B, C, D.)

## II. PROCEDURAL HISTORY

Plaintiffs, who are proceeding *pro se,* filed the complaint in this case on October 7, 2008 against defendants Gutman, Russell Polirer ("Polirer"), FPA, Lightstone, Fairfield Presidential Management Corporation ("FPMC"), Lichtenstein, and Debbie Ketay ("Ketay"). Plaintiffs alleged numerous federal and state law claims. Gutman and Polirer answered the complaint on November 26, 2008. FPA, Lightstone, FPMC, Lichtenstein, and Ketay answered on December 10, 2008. On May 5, 2009, all defendants notified the Court that they intended to move for judgment on the pleadings, and the Court issued a briefing schedule that same day. On May 29, 2009, plaintiffs filed a letter motion seeking leave to file an amended complaint. On June 2, 2009, in accordance with the briefing schedule previously issued by the Court, defendants filed their motion for judgment on the pleadings. On June 19, 2009, the Court advised plaintiffs that they were permitted to file a proposed amended complaint with their response to the motion to dismiss.

On November 6, 2009, this Court referred defendants' motion to Magistrate Judge Wall for a Report and Recommendation ("R & R"). On January 27, 2010, Magistrate Judge Wall recommended that defendants be granted judgment on the pleadings and also recommended, *sua sponte*, that plaintiffs' motion to amend their complaint be denied. Defendants served plaintiffs with the R & R by mail on February 3, 2010. On February 18, 2010, this Court received objections to the R & R from plaintiffs. On March 30,

2010, this Court issued a Memorandum and Order adopting in part the R & R, granting defendants' motion to dismiss the complaint, but giving plaintiffs leave to re-plead their FCRA claim and plead any violations of the New York City Consumer Protection Law.

Plaintiffs filed an amended complaint on May 4, 2010 against defendants Gutman, Fairfield, Lichtenstein, Polirer, Mintz, and Century. Defendants filed a motion to dismiss on July 8, 2010. Plaintiffs filed their opposition brief on August 10, 2010. Defendants filed their reply on August 20, 2010.

The plaintiffs subsequently moved to amend their complaint to add defendants Century Credit and Collections and Gary Kavulich. The Court granted that request on March 14, 2011. Plaintiffs filed the amended complaint on April 7, 2011. Defendants filed their motion to dismiss on June 9, 2011.[4] Plaintiff filed a "preliminary statement" July 19, 2011, and defendants filed a reply on July 19, 2011.

The Court has fully considered the arguments and submissions of the parties.

---

[4] The motion to dismiss was filed by Gutman, Mintz, Baker & Sonnenfeldt, P.C., Century Credit & Collections, Century Credit-Collections Corp., and David Lichtenstein. The motion was not filed on behalf of Gary Kavulich, who was never served because plaintiffs failed to provide Kavulich's proper address. However, the Court *sua sponte* dismisses the claims against defendant Kavulich for all of the same reasons set forth below that the claims against the moving defendants are dismissed.

III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

Claims concerning fraud are subject to heightened pleading standards. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). "[I]n order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *accord Knoll v. Schectman*, 275 F. App'x 50, 51 (2d Cir. 2008)). Conclusory allegations of fraud will be dismissed under Rule 9(b). *See Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971).

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated

4

in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

## IV. DISCUSSION

### A. FCRA

Plaintiffs assert that defendants violated the FCRA in the following two ways: (1) by having an unlicensed collections company (Century) make inquiries of a consumer reporting agency in order to obtain plaintiffs' address; and/or (2) by making inquiries for plaintiffs' address even though defendants allegedly knew that Lichtenstein and FPA did not hold the deed to the condo so that none of the defendants had a right to request plaintiffs' address in order to collect any debt plaintiffs may have owed. As set forth below, both of these theories of liability under the FCRA fail as a matter of law.

Plaintiffs allege that Lichtenstein "had his attorney's [sic]" at Gutman use Century, an "illegal and un-license[d] collections company" make inquiries of Experian Credit Bureau on December 7, 2005 to obtain plaintiffs' address at 711 Shadwell Court in order to send them indebtedness letters, which were signed by Kavulich, an attorney with Gutman. (Am. Compl. at 2.) Plaintiffs assert that Gutman and Century obtained plaintiffs' address under "false pretenses" because Century is "illegal and not even a corporate entity recognized by the NYS Division of Corporation to do business in NY as well as unlicensed by the NYC Dept. of Consumer Affairs to collect a debt in N.Y.C." (*Id.* at 8.) Plaintiffs allege that Kavulich signed the indebtedness letter "without including his license number" and without validating the amount of the debt or the original creditor. (*Id.* at 9.)

Plaintiffs further allege that Lichtenstein, Gutman and Century knew that Lichtenstein and FPA did not actually hold the deed to plaintiffs' condo. (*Id.* at 2-3, 8-9.) Plaintiffs assert that, because Lichtenstein and the FPA did not hold the deed to the condo, defendants had no right to collect on any debt plaintiffs may have owed.

Defendants counter that plaintiffs "have wholly failed to allege the requisite 'false pretenses'" necessary to state a violation of the FCRA. (Defs.' Mem. of Law, June 9, 2011, ECF. No. 71, at 5.) Drawing all reasonable inferences and viewing the facts

alleged in the amended complaint in the light most favorable to plaintiffs, this Court concludes that plaintiffs have failed again to state a claim under the FCRA.

Section 1681q of the FCRA states that "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined . . ., imprisoned for not more than 2 years, or both." 15 U.S.C. § 1681q. "Obtaining *any* information from a consumer reporting agency about a consumer under false pretenses subjects defendants to liability under § 1681q even if the information supplied by the consumer reporting agency [is] not a consumer report." *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492, 497 (S.D.N.Y. 1998) (emphasis in original) (quotation marks omitted). Further, "Section 1681n of the FCRA provides a cause of action against any consumer reporting agency or user who willfully fails to comply with any provision of the FCRA."[5] *Id*. at 498. "In situations where one person obtains a credit report for the use of another . . . the term 'user' includes 'the ultimate destination of a credit report' as well as 'the person who acquires [a credit report] for another.'" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 49 (2d Cir. 1997) (collecting cases).

In assessing allegations of false pretenses, "courts consider whether the reason for obtaining the information [at issue] was a 'permissible' purpose (as set forth in the FCRA) for which such information may be furnished by a credit reporting agency. If no such 'permissible purpose' exists, the person requesting the information is deemed to have obtained the information under false pretenses." *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999) (collecting cases). "Permissible purposes" for obtaining credit information are set forth in 15 U.S.C. § 1681b.

Although obtaining information in order to collect debt is a permissible purpose, *see* 15 U.S.C. § 1681b(a)(3)(A), plaintiffs allege that in fact Gutman, Century, Kavulich, and Lichtenstein knew that Lichtenstein and FPA did not hold the deed to the condo and, thus, none of the defendants had a right to request plaintiffs' address in order to collect any debt plaintiffs may have owed.

### 1.    Failure to Possess a License

In response to plaintiffs' argument that defendant Century was an unlicensed debt collection agency, defendants assert that even assuming *arguendo* that Century is an unlicensed debt collection agency (which defendants vigorously dispute), the apparent violation of the local or state law regarding licensing cannot state a plausible FCRA violation. (Defs.' Reply, Aug. 20, 2010, ECF No. 55, at 3.)  As set forth below, this Court agrees.

Courts in the Second Circuit have not addressed the question of whether failure to possess a license constitutes a violation of the FCRA, but they have considered whether failure to possess a license violates the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA states that "[a] debt collector may not use any false,

---

[5] As this Court explained in a previous decision in this case, the Second Circuit has held that a private plaintiff may bring a claim under § 1681q through § 1681n, the FCRA's enforcement provision for willful noncompliance with the statute. *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 353 (E.D.N.Y. 2010).

deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive of conduct that violates the FDCPA. 15 U.S.C. § 1692e. Provisions that could implicate failure to possess a license include: 1) "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5), and 2) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10).

"Ample case law" in the Second Circuit "indicates that the mere failure to possess a license in violation of [New York Administrative Code] § 20-490 does not constitute a per se violation of the FCDPA." *Williams v. Deutsche Bank Nat'l Trust Co.*, 11 Civ. 2607 (LBS), at *3-4, 2011 U.S. Dist. LEXIS 132084, 3-4 (S.D.N.Y. Nov. 16, 2011) (collecting cases). One court, for example, granted a motion to dismiss where "[p]laintiff's sole federal claim is that Defendants' failure to possess a license in violation of New York Administrative Code § 20-490 violates the Fair Debt Collection Practices Act ('FDCPA'), 15 U.S.C. § 1692." *Id.* at *3; *see James v. Merchs. & Prof'ls, Inc.*, 03-CV-1167 (CBA)(VVP), 2010 U.S. Dist. LEXIS 20950, at *4-5 (E.D.N.Y. Mar. 8, 2010) ("This Court agrees that a violation of a state or local law, by itself, does not amount to a per se violation of the FDCPA. . . . Plaintiff has not identified any basis to establish that defendant's failure to include a license number on the letter rendered the communication false, deceptive or misleading within the FDCPA, and the Court's independent review of the letter reveals none."); *McDowell v. Vengroff, Williams, & Assocs., Inc.*, No. 04 Civ. 1068 (CBA), 2006 U.S. Dist. LEXIS 41493, at

*2-3 (E.D.N.Y. June 21, 2006) (dismissing complaint for failure to state a claim under the FDCPA because defendant's alleged failure to be licensed by the New York City Department of Consumer affairs did not establish a violation of the FDCPA); *Hirsch v. United Collection Corp.*, 03-CV-4884 (RJD), 2004 U.S. Dist. LEXIS 29819, at *9 (E.D.N.Y. Oct. 27, 2004) (dismissing complaint where plaintiff alleged that defendant failed to include license number on collection letter and failed to possess a license), *adopted by* 2005 U.S. Dist. LEXIS 42680 (E.D.N.Y. Jan. 28, 2005); *Castillo v. Kenneth K. Frenkel, P.C.*, 918 N.Y.S.2d 818, 820 (App. Term 2010) ("The failure to possess a license in violation of New York City Administrative Code § 20-490 does not constitute a violation of the FDCPA."). *But see Williams v. Goldman & Steinberg, Inc.*, No. CV-03-2132 (DGT), 2006 U.S. Dist. LEXIS 50222, at *1 (E.D.N.Y. July 21, 2006) (holding that defendant's failure to possess a license when it sent a collection letter to a New York City resident violated the FDCPA).

Just as the FDCPA prohibits a debt collector from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," 15 U.S.C. § 1692e, the FCRA prohibits any person from "knowingly and willfully obtain[ing] information on a consumer from a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q. There is no substantive difference between the FDCPA and the FCRA with respect to whether failure to possess a license constitutes a violation. Moreover, the Court concludes that the above-referenced analysis by numerous courts on the license issue in connection with the FDCPA (with which the Court agrees) applies with equal force to the FCRA. Accordingly, mere failure to possess

a license, without more, does not constitute a false pretense for purposes of the FCRA. Here, plaintiffs have failed to articulate how the alleged failure to have a license resulted in a violation of the FCRA. Thus, this theory alleged in the amended complaint fails to allege a plausible FCRA claim.

### 2. Defendants' Purported Knowledge Regarding FPA's Ownership of the Condo

Plaintiffs also claim that Gutman, Century, Kavulich, and Lichtenstein violated the FCRA because they knew that Lichtenstein and FPA did not hold the deed to the condo, and therefore had no right to request plaintiffs' address in order to collect any debt plaintiffs may have owed. As set forth below, this theory of liability under the FCRA is barred by collateral estoppel.

"'[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair

opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted); *accord Hoblock*, 422 F.3d at 94. "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 482 N.E.2d 63, 67, 492 N.Y.S.2d 584 (1985)). Collateral estoppel generally does not include a requirement that the parties against whom plaintiffs litigated in the prior proceeding be the same parties they litigate against in the current proceeding. *See United States v. Mendoza*, 464 U.S. 154, 158, 104 S. Ct. 568, 78 L. Ed. 2d 379 (1984); *see also Amadasu v. Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK) (AJP), 2005 U.S. Dist. LEXIS 774, 2005 WL 121746, at *8 (S.D.N.Y. 2005) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action."). Additionally, a district court may raise the issue of collateral estoppel *sua sponte*. *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

Collateral estoppel bars plaintiffs' FCRA claim to the extent that the claim is based on the allegation that Gutman, Century, Kavulich, and Lichtenstein knew that Lichtenstein and FPA did not hold the deed to the condo so that none of the defendants had a right to request plaintiffs' address in order to collect any debt plaintiffs may have owed.

First, the issue of whether FPA held the deed to the condo was necessarily decided in the civil court proceedings. Generally, a

landlord must show a valid certificate of occupancy and multiple dwelling registration to recover for use and occupancy. *See Sheila Props., Inc. v. A Real Good Plumber, Inc.*, 59 A.D.3d 424, 425, 874 N.Y.S.2d 145, 147 (App. Div. 2009) ("An owner of a de facto multiple dwelling who fails to obtain a proper certificate of occupancy or comply with the registration requirements of the Multiple Dwelling Law cannot recover rent or use and occupancy. Consequently, the plaintiff is precluded from recovering use and occupancy." (citations omitted)); *Meaders v. Jones*, No. 2002-529 RI C, 2003 N.Y. Misc. LEXIS 933, at *2 (App. Term. June 24, 2003) (collecting cases), *aff'd* 15 A.D.3d 490 (N.Y. App. Div. 2005); *see also* 74 N.Y. Jur. 2d Landlord and Tenant § 362 ("Under the Multiple Dwelling Law, no rent may be recovered by the owner of the premises for which a certificate of occupancy has not been acquired and no action or special proceedings may be maintained therefor, or for possession of the premises for non-payment of rent."). In any event, the civil court, by granting judgment on FPA's use and occupancy claim, necessarily decided that FPA was entitled to recover for use and occupancy, regardless of what evidence was introduced or FPA's status as owner of the premises. To decide plaintiffs' claims related to these issues, the Court would need to re-visit issues that have already been decided in state court.

Additionally, plaintiffs had a full and fair opportunity to litigate these issues in state court. They appeared for trial in New York City Civil Court in 2006 and litigated the issue of ownership of the deed. *See* Am. Compl. at 2. Plaintiffs appealed the Civil Court's June 4, 2007 decision, and the Appellate Term affirmed on February 11, 2009. On April 9, 2009, the Appellate Term

denied plaintiffs' application to appeal to the Appellate Division. Thus, the requirements for collateral estoppel are met with respect to plaintiffs' FCRA claim to the extent that that claim is based on FPA's failure to state a prima facie case or introduce a certificate of occupancy and multiple dwelling registration. Accordingly, collateral estoppel bars plaintiffs' FCRA claim.

Because failure to possess a license does not constitute a violation of the FCRA, and because any FCRA claims premised on FPA's purported non-ownership of the condo are barred by collateral estoppel, the Court concludes that plaintiffs' claims under the FCRA must be dismissed, with prejudice.

Finally, the fact that plaintiffs may still be attempting to appeal these state court decisions does not undermine the application of the doctrine of collateral estoppels. It is well settled that state-court decisions still have collateral estoppel effect even though they are pending on appeal. *See Franklin Dev. Co. v. Atl. Mut. Ins. Co.*, 876 N.Y.S.2d 103, 105 (App. Div. 2009) ("'The rule in New York is that the pendency of an appeal does not prevent the use of the challenged judgment as the basis of collateral estoppel.'" (quoting *Anonymous v. Dobbs Ferry Union Free Sch. Dist.*, 797 N.Y.S.2d 120, 121 (App. Div. 2005))); *accord Chariot Plastics v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998).[6]

---

[6]   If the decision is reversed on appeal in state court, the plaintiffs in this action have the ability to inform this Court of that fact, and seek to re-open the case pursuant to a motion under Fed. R. Civ. P. 60(b)(5) ("The Court may relieve a party . . . from a final judgment . . . [if] it is based on an earlier judgment that has been reversed or vacated.").

### B. State Law Claims

In addition to the FCRA claims, plaintiffs also allege state law claims in their amended complaint under the Court's diversity jurisdiction, based on common-law fraud, New York City Consumer Protection Law § 5-77,[7] and New York State General Business Law § 349(a).[8] As set forth below, those claims fail as a matter of law.

With respect to the common law fraud claims, as a threshold matter, plaintiffs have failed to satisfy Rule 9(b) by alleging fraud with sufficient particularity. *See Wilson v. Dalene*, 699 F. Supp. 2d 534, 541 (E.D.N.Y. 2010) (setting forth pleading requirements of Rule 9(b)). In any event, the fraud claim suffers from a more fundamental defect. Specifically, the fraud claims (as well as the other state claims) are based upon the issues/claims that were raised, or could have been raised, in the underlying Civil Court action. Thus, for the reasons set forth *supra* and in the March 30, 2010 Memorandum and Order, the fraud claims are barred by the doctrines of *res judicata* and collateral estoppel.

With respect to the claims under Section 5-77 of the New York City Consumer Protection Law, such claims must be dismissed because they are barred by the applicable statute of limitations. In particular, Section 214 of the New York Civil Procedure Law and Rules provides a three-year statute of limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute . . ." N.Y. C.P.L.R. § 214(2); *see also People v. Pharmacia Corp.*, 895 N.Y.S.2d 682, 685-86 (Sup. Ct. 2010). Thus, Section 5-77 has a three-year limitations period. It is clear from the amended complaint that the alleged events that form the basis of plaintiff's Section 5-77 claim occurred in 2006. Accordingly, plaintiffs' Section 5-77 claims are barred by the statute of limitations under New York law, and are dismissed with prejudice.

Finally, with respect to the claims under Section 349 of the General Business Law, the Court has already dismissed such claims with prejudice based upon, *inter alia*, the doctrines of *res judicata* and collateral estoppel. That prior analysis continues to apply, and such claims are again dismissed with prejudice.[9]

In sum, the state claims in the amended complaint fail as a matter of law and are dismissed with prejudice.

### C.    Leave to Re-Plead

The Second Circuit has emphasized:

A *pro se* complaint is to be read liberally. Certainly the court should

---

[7]   The provision, titled "Unconscionable and Deceptive Trade Practices," sets forth detailed rules for debt collection. Rules of the City of New York, Title 6, Department of Consumer Affairs, § 5-77.

[8]   The provision reads: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. § 349(a).

[9]   In any event, as noted by defendants, the claims under New York General Business Law § 349, which are alleged to have occurred in late 2005 and early 2006, would be barred by the applicable three-year statute of limitations. *See, e.g., Fownes Brothers & Co. v. JP Morgan Chase & Co.*, 92 A.D.3d 582, 583 (N.Y. App. Div. 2012) (three-year statute of limitations for Section 349).

not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Thus, in dismissing plaintiffs' claims, the Court has considered whether to dismiss with or without prejudice. However, as stated *supra*, the Court declines to provide plaintiffs with an opportunity to re-plead and dismisses the claims with prejudice for two reasons.

First, plaintiffs have not requested an opportunity to re-plead, and have failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g.*, *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.")

Second, plaintiffs have been given ample opportunity to allege a claim and have failed to do so. In the March 30, 2010 Memorandum and Order, dismissing the prior complaint, the Court identified various pleading defects. However, in the amended complaint filed after the Court's decision, plaintiffs failed to cure those pleading defects. Under these circumstances, the Court declines to grant plaintiffs yet another opportunity. *See De Jesus v. Sears, Roebuck*

*& Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim" (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983)).

In short, it is clear that no amendments could overcome the defects identified *supra* and in the Court's March 30, 2010 Memorandum and Order. In particular, as to the FCRA claim, the Court provided plaintiffs with an opportunity to identify a plausible theory of liability based upon "false pretenses." However, it is abundantly claim that plaintiffs' theories of false pretenses under Section 1681q fail as a matter of law and no additional pleading will cure those defects. Thus, leave to re-plead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

D.   Motion for a Stay

Additionally, plaintiffs seek a stay of this action pending resolution of their appeal of New York Civil Court Judge Katherine A. Levine's Decision and Order dated November 25, 2011, and their appeal of a decision by the New York Civil Court Judge Alice Fisher Rubin dated June 4, 2007, which was affirmed on February 11, 2009

by the Appellate Term.[10] *See* Letter from Plaintiffs to Hon. Joseph F. Bianco, Dec. 21, 2011, ECF No. 87. Judge Levine's November 25, 2011 decision dismissed the Caldwells' claims against Gutman.

As noted above, collateral estoppel applies even if plaintiffs are pursuing appeals of the state court decisions. If such an appeal is successful, plaintiffs can attempt to have this Court vacate its judgment and re-open this case under Rule 60 of the Federal Rules of Civil Procedure. In short, in its discretion, the Court does not believe that a stay is warranted. Accordingly, the plaintiffs' motion for a stay is denied.

### E.   Motion for Sanctions

Plaintiffs request that the Court sanction defendants' attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that the attorney "knowingly and willfully [made] false statements to [the] court without checking his facts first." *See* Letter from Plaintiffs to Hon. Joseph F. Bianco, July 20, 2011, ECF No. 75; Letter from Plaintiffs to Hon. Joseph F. Bianco, Aug. 3, 2011, ECF No. 80. The Court denies plaintiffs' motion. Under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (internal quotation marks omitted). In considering a motion for sanctions under Rule 11, this

Court applies an "objective standard of reasonableness." *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Additionally, "[w]hen divining the point at which an argument turns from merely losing to losing *and* sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original) (internal quotation marks omitted).

The Court has granted defendants' motion to dismiss. Thus, it is clear that the motion had merit. Furthermore, the Court is unaware of any factual or legal misrepresentations in the defendants' filings with the Court, or any other basis for sanctions. Accordingly, plaintiffs' motion for sanctions under Rule 11 is denied.

---

[10] Plaintiffs moved for re-argument, or in the alternative, leave to appeal to the Appellate Division. The Appellate Term denied both requests on April 9, 2009. It is, therefore, not clear how the plaintiffs intend to appeal this decision any further.

12

V. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss the complaint in its entirety, with prejudice. The Court, for the same reasons set forth as to the other defendants, *sua sponte* dismisses the complaint, with prejudice, against defendant Gary Kavulich. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:  March 28, 2012
        Central Islip, New York

*       *       *

Plaintiffs are proceeding *pro se*:  Ken and Lisa Caldwell, 309 Sandburg Place, Newark, De. 19702.  Defendants are represented by:  Kenneth A. Novikoff, Rivkin Radler LLP, EAB Plaza, Uniondale, NY 11556.

13